## IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| KEMPER AIP METALS, LLC; WAELZHOLZ BRASMETAL LAMINAÇÃO LTDA,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | Court No.  26-00762 |

## COMPLAINT

Plaintiffs Kemper AIP Metals, LLC, ("Kemper") and Waelzholz Brasmetal Laminação Ltda ("Brasmetal") (collectively, "Kemper & Brasmetal"), by and through their counsel, bring this action against the United States.  Plaintiffs allege and state as follows:

### Introduction

1. Kemper is headquartered in Ponte Vedra Beach, Florida, and specializes in the distribution of various non-ferrous metal products including copper, copper-based alloys, aluminum, coated steel, and lead.  Kemper serves wide range of industries, from U.S. ammunition and aerospace to power distribution, oil and gas exploration, medical devices, and heat exchanger markets.  Kemper imports brass-coated steel strip for the ammunition market.  Brass coating serves an aesthetic purpose.

2. Brasmetal is a producer and supplier of coated steel products, including brass-coated steel strip.  Brasmetal serves various markets worldwide, including a niche market in the United States within the ammunition space.

**Factual Background**

3.Steel Dynamics, Inc. (SDI), Nucor Corporation (Nucor), United States Steel Corporation (U.S. Steel), Wheeling-Nippon Steel, Inc. (Wheeling-Nippon), and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "USW") (collectively, "Petitioners") filed antidumping ("AD") and countervailing duty ("CVD") petitions concerning imports of certain corrosion-resistant steel products from Brazil on September 5, 2024.  *See* Petitioners' Letter to Sec'y of the U.S. Department of Commerce, *Petitions for the Imposition of Antidumping and Countervailing Duties:  Corrosion-Resistant Steel Products from Australia, Brazil, Canada, Mexico, the Netherlands, South Africa, Taiwan, Turkey, the United Arab Emirates, and the Socialist Republic of Vietnam* (Sept. 5, 2024); *Corrosion-Resistant Steel Products from Australia, Brazil, Canada, Mexico, the Netherlands, South Africa, Taiwan, Turkey, the United Arab Emirates, and the Socialist Republic of Vietnam, Petition for the Imposition of Antidumping and Countervailing Duties Pursuant to Sections 701 and 731 of the Tariff Act of 1930, as amended, Vol I Common Issues and Injury* (Sept. 5, 2024) ("Petition").  On September 25, 2024, the U.S. Department of Commerce ("Commerce") initiated the investigations.  *See* 89 Fed. Reg. 80,196 (Dep't of Commerce Oct. 2, 2024); 89 Fed. Reg. 80,204 (Dep't of Commerce Oct. 2, 2024).

4.Petitioners are U.S. steel producers that manufacture, *inter alia*, flat-rolled steel products and apply corrosion-resistant metallic coatings, predominantly hot-dip galvanized coatings, for use in automotive and other industrial applications.  USW claims to represent workers at facilities producing corrosion-resistant steel and workers employed in the metals, mining, pulp and paper, rubber, chemical, glass, auto supply, and energy-producing industries, as well as in other industries such as healthcare and higher education.

5. Petitioners proposed that the scope of the investigations cover "certain flat-rolled steel products, either clad, plated, or coated with corrosion-resistant metals such as zinc, aluminum, or zinc-, aluminum-, nickel- or iron-based alloys, whether or not corrugated or painted, varnished, laminated, or coated with plastics or other non-metallic substances in addition to the metallic coating." See *Petition for the Imposition of Antidumping and Countervailing Duties Pursuant to Sections 701 and 731 of the Tariff Act of 1930, as amended, Vol I Common Issues and Injury* at 15 (Sept. 5, 2024). Brass coating is absent from this list. Petitioners did not subsequently request changes to this text, and Commerce preserved the same language in the scope of the *Orders*, which were issued on December 19, 2025. *See Amended Final Antidumping Duty Determination: Corrosion- Resistant Steel Products from Australia, Brazil, Canada, Mexico, the Netherlands, South Africa, Taiwan, the Republic of Turkey, the United Arab Emirates, and the Socialist Republic of Vietnam: Antidumping Duty Orders,* 90 Fed. Reg. 59,494 (Dep't of Commerce Dec. 19, 2025); ("*AD Final Amended Order*") *Certain Corrosion-Resistant Steel Products from Brazil, Canada, Mexico, and the Socialist Republic of Vietnam: Countervailing Duty Orders,* 90 Fed. Reg. 59,488 (Dep't of Commerce Dec. 19, 2025) (together, the "*Orders*").

6. Kemper & Brasmetal submitted comments and case briefs regarding the applicability of the all-others rate to brass-coated products and the scope of the investigations. Kemper & Brasmetal submitted that, unlike the listed coating metals and alloys, brass coating does not convey corrosion resistance because brass is more noble and less reactive to oxidation than steel. This means that brass coating does not prevent the oxidation of the iron. Brass coating is used for aesthetic purposes in the ammunition industry to enhance the appearance of the heads of shotgun shell cartridges.

7. Kemper & Brasmetal argued that Petitioners lacked standing to bring petitions against imports of brass-coated products and urged Commerce to conduct a scope-language analysis to determine that certain brass-coated products are not covered by the scope of the investigations and the resulting *Orders*. *See*, *e.g.*, Kemper & Brasmetal's Letter to Sec'y of the U.S. Department of Commerce, *Scope Brief of Kemper & Brasmetal* (Oct. 22, 2024).

8. Petitioners are not producers of brass-coated steel products. Nonetheless, they filed comments concerning product characteristics to add "brass" as a type of coating characteristic, even though brass coating was not mentioned in the petition nor in other AD and CVD orders on corrosion-resistant steel products. *See*, *e.g.*, *Certain Corrosion-Resistant Steel Products from India, Italy, the People's Republic of China, the Republic of Korea and Taiwan: Amended Final Affirmative Antidumping Determination for India and Taiwan, and Antidumping Duty Orders,* 81 Fed. Reg. 48,390 (Dep't of Commerce July 25, 2016. Petitioners also claimed that they had intended that the petitions cover brass-coated products. *See, e.g.,* Petitioners' Letter to Sec'y of the U.S. Department of Commerce, *Corrosion-Resistant Steel Products from Australia, Brazil, Canada, Mexico, the Netherlands, South Africa, Taiwan, the Republic of Türkiye, the United Arab Emirates, and the Socialist Republic of Vietnam: Petitioners' Rebuttal Scope Brief* at 8 (May 20, 2025).

9. Commerce adopted brass as a type of coating in the product-characteristics coding used for model-matching in the AD margin calculations, though this development proved inconsequential. *See* Memorandum from Rachel Jennings, Office V Enforcement & Compliance, *Product Characteristics Memorandum*, (Dep't of Commerce Nov. 14, 2024).

10. In its final scope determination, Commerce deferred to Petitioners' *post factum* statement that brass-coated products were intended to be covered by the scope language. *See*

Memorandum from Olivia Woolverton, Office V Antidumping and Countervailing Duty Operations, to Scot Fullerton, *Less-Than-Fair-Value Investigations of Certain Corrosion-Resistant Steel Products from Australia, Brazil, Canada, Mexico, the Netherlands, South Africa, Taiwan, the Republic of Türkiye, the United Arab Emirates, and the Socialist Republic of Vietnam, and Countervailing Duty Investigations of Certain Corrosion-Resistant Steel Products from Brazil, Canada, Mexico, and the Socialist Republic of Vietnam: Final Scope Decision Memorandum* at 7 (Dep't of Commerce Aug. 25, 2025).  Commerce reasoned that "the scope language contains a non-exhaustive list of {coating} metals" and brass, though not listed, is not expressly excluded from the scope.

11.    Commerce individually examined Companhia Siderúrgica Nacional ("CSN") and Usinas Siderúrgicas de Minas Gerais S.A. ("Usiminas") as mandatory respondents.  Neither of the mandatory respondents reported production of brass-coated steel products.  Based on the AD rates determined for the mandatory respondents, Commerce set the all-others rate at 157.59 percent.  *See AD Final Amended Order.*

12.    Concurrent with this action, Plaintiffs are challenging the U.S. International Trade Commission's determination that brass-coated products are not a separate domestic-like product, which would require a separate U.S. industry injury determination.  *Kemper AIP Metals, et al. v. United States*, Court No. 26-00764 (Ct. Int'l Trade, filed January 20, 2026).

<u>**Administrative Decision to be Reviewed**</u>

13.    Plaintiffs contest certain findings and conclusions of law made by the U.S. Department of Commerce in *Corrosion-Resistant Steel Products from Brazil, Final Affirmative Determination of Sales at Less Than Fair Value*, 90 Fed. Reg. 42,219 (Dep't of Commerce Aug. 29, 2025), and

accompanying decision memoranda, as part of the antidumping and countervailing duty orders published on December 19, 2025.  *See* the *Orders*.

## Jurisdiction

14. Plaintiffs brought this action under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (B)(i); therefore, the Court has exclusive jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## Standing

15. Kemper is a U.S. importer, and Brasmetal is a producer and exporter of brass-coated steel products from Brazil that were deemed to be corrosion-resistant steel and thus are interested parties as defined by 19 U.S.C. § 1677(9)(A).  Plaintiffs were also participants in the underlying agency investigation that is now on appeal.  Plaintiffs entered an appearance, filed scope comments and case briefs, and participated in a hearing.  Plaintiffs therefore have standing to commence this action pursuant to 19 U.S.C. § 1516a(d) and 28 U.S.C. § 2631(c).

## Timeliness

16. Under 19 U.S.C. §§ 1516a(a)(2)(A)(i)(II) and (B)(i), an action must be commenced "{w}ithin thirty days after – the date of publication in the Federal Register" of an AD/CVD order based upon final affirmative determination by Commerce under section 1671d.  Under 19 U.S.C. §1516a(a)(2)(A), an interested party "may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint."

17. This Complaint is timely because it was filed within thirty days of the Summons filed on January 20, 2026.  ECF No. 1.  Plaintiffs timely filed the Summons within thirty days of the AD order published on December 19, 2025, because the thirtieth day fell on a Sunday followed by the federal holiday of Martin Luther King's Day on January 19, 2026, in accordance with Rules 3(a)(2) and 6(a)(1)(C) of the Rules of this Court.

**Statement of Claims**

**Count One**

18.     Paragraphs 1 to 17 are incorporated herein by reference.

19.     Commerce's scope determination suffers from numerous legal and factual errors. Commerce did not engage with the scope text; did not attempt to interpret the meaning of "corrosion-resistant metals"; did not consider that the listed "corrosion-resistant" metals – especially zinc – are not, in and of themselves, "corrosion-resistant" metals but are described as such only in relation to the underlying steel because of their reactivity and sacrificial protection; did not consider the scientific and industry usage of corrosion resistance; did not consider evidence that brass is more noble and less volatile than steel and does not confer corrosion resistance; treated products as included merely because they were not expressly excluded; did not state whether it found ambiguity in the scope language when it concluded that the list of coating metals was "non-exhaustive"; and did not conduct an analysis under 19 C.F.R. § 351.225(k)(2) even if it found ambiguity. Commerce's findings and conclusions therefore are unlawful and unsupported by substantial evidence.

**Count Two**

20.     Paragraphs 1 to 19 are incorporated herein by reference.

21.     Commerce prematurely dismissed the issue of Petitioners standing. Before the U.S. International Trade Commission ("ITC") made its final determination whether brass coating constitutes a separate domestic industry, Commerce proclaimed that standing arguments lacked merit because petitioners are not required to produce all products within the scope. As true as that premise might be, no petitioner would have standing to claim injury by reason of imports of products belonging to a different industry. Such a claimed injury would not be legally

cognizable. Instead, Commerce should have considered standing throughout the investigation because industry definitions may change as the ITC record develops, and the investigations may reveal that Petitioners do not participate in the industry in question. Commerce's findings and the legal conclusion is therefore unlawful and unsupported by substantial evidence.

### **Prayer for Relief**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Enter judgment in favor of Plaintiffs;

2. Hold that Commerce's determination that the scope language encompasses brass-coated products is unlawful and unsupported by substantial evidence;

3. Hold that Commerce's determination that Kemper & Brasmetal's standing arguments lack merit merely because Petitioners need not produce all products covered by the scope language is unlawful.

4. Issue a declaratory judgment under 28 U.S.C. § 2643(c)(1) that Petitioners' standing shall remain under consideration pending the U.S. International Trade Commission's final determination concerning domestic like product and domestic-industry definitions, including any remand determinations resulting from court litigation.

5. Remand the final scope determination to Commerce with instructions to issue a new determination consistent with the Court's opinion; and

6. Grant such other relief as the Court may deem just and proper.

                                                   /s/ John Anwesen

                                                   John Anwesen
                                                 L<small>IGHTHILL</small> PC
                                                 300 New Jersey Ave. NW, Ste 300
                                                 Washington DC, 20001
                                                 (771) – 212 – 7982
Date:  February 19, 2026                         J.Anwesen@lighthill.law